## STATE OF TENNESSEE *v.* CLAIBORNE COLLINS.

1. CRIMINAL LAW. *Preponderance of testimony.* After verdict and refusal of new trial by the trial judge, the presumption of innocence is gone, and in order to a reversal by the Supreme Court, a decided or clear preponderance of testimony against the verdict must appear in the record.

2. SAME. *New trial. Competency of juror.* Upon a motion for a new trial on the ground that a juror had expressed an opinion before he was accepted as a juror, the trial judge having heard the proof, and having better knowledge of the witnesses, has far better means of deciding on the weight of what they deposed to, than the Supreme Court can have.

### FROM HANCOCK.

Appeal in error from the Circuit Court of Hancock county. NEWTON HACKER, J.

W. P. GILLENWATERS for Collins.

ATTORNEY-GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court.

Defendant is convicted of killing one William J. Edens. He was found guilty of murder in the second degree, and sentenced to fifteen years in the penitentiary, in accordance with the verdict of the jury; and has appealed in error to this court.

It is first urged that the verdict is not sustained by the testimony. The rule in such cases is, that after a verdict, and refusal to grant a new trial by the trial judge, the presumption of innocence made by our law in favor of an accused party is gone, and in order to a reversal by this court, a decided or clear preponderance of testimony against the verdict must appear in the record.

No such preponderance is found in this case. There is some decided conflict between the testimony of the witness for the State, who saw the shooting, and two witnesses on the part of the defense, who were likewise near enough to see the transaction. But one of these witnesses is totally discredited as unworthy of belief, and the other so weakened by the attack made on him, as well to justify the jury in disregarding his testimony on this ground alone. The facts proven as to the location of the wounds on the body of the deceased corroborate the statements of the State's witness.

The theory of the defense is, that the deceased fired the first shot, and defendant fired immediately in response to this attack. But deceased is not shown to have had a pistol at all, in fact, we think it clear did not have one, while defendant is shown to have had two, and assuredly used them on this occasion. No sign of a mark of a bullet is found on defendant, which would hardly have been the case had deceased fired the first shot deliberately, as is the theory of the witnesses who speak of it, within a few steps of defendant. The witness for the State says that after an altercation between the parties, he had taken deceased by the arm and started off with him; that defendant came up stealthily behind them, it being night, and he heard the click of a pistol being cocked, turned and saw defendant drawing down to shoot deceased, and that he did shoot; deceased turned at once, when he fired again, when deceased sprang towards him, the defendant firing again as deceased sprang at him. The deceased was found to be shot in the thigh for the first shot, and in front, in the abdomen near the navel, and then a shot glanced his neck, which the witness thinks was the last shot. All this is in accord with his theory, while at least one of the shots, that in the neck, from the front, could not be accounted for on the hypothesis of defendant's counsel. After careful review of the facts, we are well satisfied with the verdict found by the jury.

It is next insisted the court erred in not allowing a physician, Dr. Jones, to be examined as an

expert.    There is no reversible error in this, for several reasons.    Suffice it to say, the record does not show what was proposed to be proven by this witness—the defense had closed its testimony, the State had introduced and closed its testimony in rebuttal.    The court cannot be put in error in the exercise of its discretion, in such a state of the case, without showing the materiality at least of the testimony proposed to be introduced.

An affidavit is tendered on the motion for a new trial, showing that a knife had been found in a field in the direction deceased went after he was shot, which might have inflicted a number of wounds found on defendant after the struggle.    There is nothing in this.    There could be, and was no dispute about deceased having had a knife.    The serious cuts on the person of defendant involved this necessarily, or some other sharp instrument.    Affidavits also were tendered tending to show that a juror named Turner had said, in a conversation with one Collins, substantially, that defendant would be hung.

This not very decided expression of opinion is denied by the juror, and he swears he had no bias against the prisoner, or any opinion of the case, when sworn, or at any time, except such as was generated by the testimony heard on the trial.    Both parties are shown to have been reputable men.    The circuit judge, who was the trier of this question, had better knowledge of the witnesses, with far better means of deciding on the weight of what they deposed to, than we can have.    We see nothing in the affidavits

from which we can say he has reached a wrong conclusion.

Upon the whole case we see no reversible error, and think the verdict, to say the least of it, is the legitimate legal result of the case as presented in the record, and the judgment must be affirmed.